09-5280-cv
Scanscot Shipping Services (Deutschland) GmbH v. Metales Tracomex LTDA

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2009

(Argued: May 4, 2010                    Decided: August 12, 2010)

Docket No. 09-5280-cv

-------------------------------------------------------x

SCANSCOT SHIPPING SERVICES GmbH,

Plaintiff-Appellant,

-v.-

METALES TRACOMEX LTDA,

Defendant-Appellee.

-------------------------------------------------------x

Before: NEWMAN, WALKER, and LYNCH, Circuit Judges.

Plaintiff-Appellant Scanscot Shipping Services appeals from the December 9, 2009 order of the United States District Court for the Southern District of New York (Paul G. Gardephe, Judge) vacating the attachment of certain electronic fund transfers ("EFTs") held by garnishee Wachovia Bank in New York City, which the district court had previously attached pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty Maritime Claims of the Federal Rules of Civil Procedure ("Rule B").

We hold, in conformity with Shipping Corporation of India

-1-

*Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009) ("*Jaldhi*"), that EFTs for which the defendant is both the originator and the beneficiary are not the property of the defendant and, therefore, may not be attached pursuant to Rule B. We further hold that when an intermediary bank responds to an order of attachment, later determined to be wrongful, by sequestering the wrongly attached funds in a non-EFT suspense account, a creditor may not then reattach those funds in the new account. We reject Scanscot's argument that *Jaldhi*'s retroactivity is subject to a case-by-case rebuttable presumption. Finally, we deem Scanscot's request for discovery waived. We therefore AFFIRM the district court's order vacating its order of attachment.

MICHAEL E. UNGER (Lawrence J. Kahn, on the brief), Freehill Hogan & Mahar LLP, New York, New York, for Plaintiff-Appellant.

CHRISTOPHER CARLSEN, Clyde & Co U.S. LLP, New York, New York, for Defendant-Appellee.

PER CURIAM:

Plaintiff-Appellant Scanscot Shipping Services ("Scanscot") appeals from the December 9, 2009 order of the United States District Court for the Southern District of New York (Paul G. Gardephe, Judge) vacating the attachment of certain electronic

-2-

funds transfers ("EFTs") held by garnishee Wachovia Bank in New York City, which the district court had previously attached pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty Maritime Claims of the Federal Rules of Civil Procedure ("Rule B").  Scanscot argues that, <u>inter alia</u>, because Defendant-Appellee Metales Tracomex ("Tracomex") was both the originator and the beneficiary of the attached EFTs, this circuit's recent decision in <u>Shipping Corporation of India v. Jaldhi Overseas Pte Ltd.</u>, 585 F.3d 58 (2d Cir. 2009) ("<u>Jaldhi</u>"), is inapplicable to the attachments in this case and that the district court therefore erred in vacating its prior attachment order in light of <u>Jaldhi</u>.

We assume the parties' familiarity with the procedural history of the case, and recite only those facts pertinent to this appeal.  Scancot entered into a maritime charter with Tracomex for the carriage of cargo from Argentina to Mexico. Tracomex allegedly repudiated the charter by refusing to provide cargo for loading, and Scanscot initiated arbitration proceedings to recover deadfreight.  While arbitrating its claim, Scanscot moved in the district court for the attachment of, <u>inter alia</u>, certain EFTs held at Wachovia Bank in New York.  The district court granted Scanscot's motion, and, in response to the order of attachment, Wachovia placed the attached funds in a suspense account.

Following the district court's issuance of the order of attachment, this court decided Jaldhi, and shortly thereafter the district court ordered Scanscot to show cause why the order of attachment should not be vacated in light of Jaldhi.  Upon receipt of the parties' declarations in response to the order to show cause, the district court vacated its previous order of attachment, ruling that Jaldhi precluded the attachment, pursuant to Rule B, of the EFTs held at Wachovia.  Scanscot appeals that order vacating the prior attachment.[1]

The district court's decision to vacate its prior attachment order relied on a threshold ruling of law, i.e., whether Tracomex's EFTs are properly attachable under Rule B, which this Court reviews de novo.  Jaldhi, 585 F.3d at 66.  Rule B permits attachment of "the defendant's tangible or intangible personal property."  Fed. R. Civ. P. Supp. R. B(1)(a).  "From a plain reading of the text, it is clear that to attach an EFT under Rule B, the EFT must both (1) be 'tangible or intangible property' and (2) be the 'defendant's.'"  Jaldhi, 585 F.3d at 66.  Jaldhi established that (1) federal courts must look to state law to determine whether EFTs can be considered a "defendant's" property

---

[1] This panel heard oral argument on May 4, 2010 regarding Tracomex's motion for summary affirmance.  We denied that motion in an order issued May 6, 2010, provided a briefing schedule, and stated that the parties could request further oral argument if desired.  Neither party having requested further argument, the panel now proceeds on the basis of the parties' briefs.

under Rule B, id. at 70; (2) under New York state law, EFTs in the temporary possession of an intermediary bank are not the property of either the originator or the beneficiary of the EFT, id. at 71; and (3) for those reasons, EFTs held in an intermediary bank in New York cannot be subject to attachment under Rule B where the defendant is either the originator or the beneficiary, id.

Scanscot attempts to distinguish Jaldhi, arguing that Jaldhi involved EFTs for which the defendant was only the beneficiary, whereas this case involves EFTs for which Tracomex is both the originator and the beneficiary. This argument is unavailing. As Jaldhi explains, New York considers EFTs in the temporary possession of an intermediary bank to be the property of neither the originator nor the beneficiary of that EFT. Id. at 71. After an EFT is initiated by an originator's bank, the funds at issue cease to be the property of the originator; the funds do not then become the property of the beneficiary until the EFT is completed by acceptance of a payment order by the beneficiary's bank. Id. at 70. After it is initiated by an originator, and until it is completed, an EFT takes the form of debts between the three banks involved in the transfer, debts to which neither the originator nor beneficiary is a party. See id.; see also Palestine Monetary Auth. v. Strachman, 62 A.D.3d 213, 229, 873 N.Y.S.2d 281 (1st Dep't 2009)(explaining the mechanics, and the

-5-

nature of the debts owed between the parties at each stage, of an EFT). That Tracomex may be in the position of both originator and beneficiary does not change the Rule B analysis where neither position would confer an interest in the creditor-debtor relationships held between the three relevant banks. Thus, the district court properly determined that it lacked jurisdiction to attach the EFTs held by Wachovia in this case.

Scanscot further argues that Wachovia's "voluntary" decision to obey the district court's attachment order created an attachable interest even where none may have previously existed. We reject Scanscot's attempt to benefit from Wachovia's reaction to a tainted attachment order. Wachovia created the suspense account solely as a result of an order of attachment relating to funds now determined to be beyond the reach of the district court. The new suspense account neither cures the jurisdictional defect nor provides a basis for reattachment of the same funds. When a district court improperly attaches an EFT, having no jurisdiction to do so under Rule B, and the intermediary bank responds by transferring the attached funds to a non-EFT account, a creditor may not then reattach those funds in the new account. See, e.g., Nova Maritime B.V.I. Ltd v. Transvast Shipping Co. Ltd., No. 08 Civ. 6869, 2009 WL 4884162, at *2 (S.D.N.Y. Dec. 16, 2009) ("Nova's subsequent service of process on funds moved to a suspense account at Deutsche Bank does not cure the underlying

-6-

jurisdictional defect."); Calais Shipholding Co. v. Bronwen Energy Trading Ltd., No. 07 Civ. 10609, 2009 WL 4277246, at *3 (S.D.N.Y. Nov. 24, 2009) ("The Court declines to manipulate the Second Circuit's decision in [Jaldhi] by permitting a party to benefit from the tainted results of an improper attachment.").

Scanscot further argues that the district court erred in failing to consider whether Jaldhi should apply retroactively to the EFTs attached in this case. This court has held, however, that Jaldhi applies to attachments entered prior to Jaldhi's issuance, even despite a party's reliance on that prior attachment. Hawknet, Ltd. v. Overseas Shipping Agencies, 590 F.3d 87, 91 (2d Cir. 2009). The "presumption of retroactivity" described in Hawknet refers to a general presumption that our "controlling interpretation of federal law . . . be given full retroactive effect in all cases still open on direct review." Id. at 91 n.7. Scanscot's argument to the contrary notwithstanding, Hawknet does not imply that the parties in every case may attempt to rebut a case-specific presumption of retroactivity.

Finally, Scanscot contends that the funds attached in this case may not actually be EFTs, but rather may be some other, unspecified instrument relating to a possible currency exchange. Scanscot argues that the district court erred in denying discovery on that issue and asks that we remand to allow such

discovery. Scanscot does not identify when or in what way this argument was raised before the district court. Moreover, Scanscot's argument on appeal is undermined by Scanscot's own response to the district court's order to show cause why the attachments should not be vacated, in which Scanscot specifically identified the Wachovia-held assets as EFTs. In any event, Scanscot's belated request for discovery is waived. See In re Nortel Networks Corp. Sec. Litig., 539 F.3d 129, 132 (2d Cir. 2008).

In sum, we hold, in conformity with Jaldhi, that EFTs for which the defendant is both the originator and the beneficiary are not the property of the defendant and, therefore, may not be attached pursuant to Rule B. We further hold that when an intermediary bank responds to an order of attachment, later determined to be wrongful, by sequestering the wrongly attached funds in a non-EFT suspense account, a creditor may not then reattach those funds in the new account. We reject Scanscot's argument that Jaldhi's retroactivity is subject to a case-by-case rebuttable presumption. Finally, we deem Scanscot's request for discovery waived. We have considered Scanscot's remaining arguments and we conclude that they are without merit.

We therefore AFFIRM the district court's order vacating its order of attachment. All outstanding motions are hereby DENIED as moot.