09-4832-cv
GE SEACO SRL v. Shanghai Int'l Port Group Co.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24th day of August, two thousand ten.

PRESENT: ROBERT D. SACK,
REENA RAGGI,
GERARD E. LYNCH,
    *Circuit Judges*.

-------------------------------------------------------------------------------------

GE SEACO SRL,

                    *Plaintiff-Appellant*,

        v.                                    No. 09-4832-cv

SHANGHAI INTERNATIONAL PORT GROUP CO., LTD., SHANGHAI MINGDONG CONTAINER TERMINAL CO., LTD., SHANGHAI EAST CONTAINER TERMINAL CO. LTD., SHANGHAI PUDONG INTERNATIONAL CONTAINER TERMINAL, ZHENDONG CONTAINER TERMINALS BRANCH COMPANY LTD., SIPG ZHENDONG CONTAINER TERMINAL CO. LTD., DALIAN CONTAINER TERMINAL CO. LTD., DALIAN PORT CORPORATION LTD., CHINA MERCHANTS INTERNATIONAL TERMINALS CO. LTD., NINGBO DAXIE CHINA MERCHANTS INTERNATIONAL CONTA, NINGBO BEILUN INTERNATIONAL CONTAINER TERMINALS, SHANGHAI WAIGAOQIAO FREE TRADE ZONE

WHARF CO. LTD., SHANGHAI FUXING
SHIPPING CO. LTD., SHANGHAI FOREIGN
SHIPPING TALLY COMPANY, SHANGHAI
COSTACO CO. LTD., SIPG LOGISTICS CO. LTD.,
YANGZHOU JIHAI SHIPPING CO. LTD.,
SHANGHAI GUANGDONG INTERNATIONAL
CONTAINER TERMINAL, SIPG JIUJIANG WHARF
CO. LTD., SHANGHAI LUOJING ORE TERMINALS
CO. LTD., DALIAN PORT JIFA LOGISTICS CO.
LTD., DALIAN JIFA SHIPPING AGENCY CO. LTD.,
DALIAN JIFA INTERNATIONAL FREIGHT
FORWARDING CO., ASIA PACIFIC PORT LIMITED,

                              *Defendants-Appellees*,

SHEKOU CONTAINER TERMINALS LIMITED,
SHENZHEN CHIWAN WHARF HOLDING LIMITED,
SHENZHEN CHIWAN SHIPPING AND
TRANSPORTATION COMP, QINGDAO QIANWAN
CONTAINER TERMINAL CO. LTD., QINGDAO
PORT GROUP CO. LTD., TIANJIN ZHAOHUA
ZHONGDIAN LOGISTICS CO. LTD., SHENZHEN
CHIWAN CONTAINER TERMINAL CO. LTD.,
SHANGHAI SHENDONG INTERNATIONAL
CONTAINER TERMINAL, SHANGHAI HAIHUA
SHIPPING CO. LTD., SHANGHAI JIHAI
SHIPPING CO. LTD., DALIAN JIFA SHIP
MANAGEMENT CO. LTD.,

                              *Defendants*.
----------------------------------------------------------------------------------------

APPEARING FOR APPELLANT:    GARTH  S.  WOLFSON,  Mahoney & Keane,
                            LLP, New York, New York.[1]

Appeal from the United States District Court for the Southern District of New York

(Laura Taylor Swain, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND

---

[1] Appellees have not appeared either in this court or in the district court.

DECREED that the district court's November 16, 2009 judgment is AFFIRMED.

Pursuant to this court's previous interpretation of Rule B of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure, see Winter Storm Shipping, Ltd. v. TPI, 310 F.3d 263, 278 (2d Cir. 2002), plaintiff GE SEACO SRL successfully attached $215,448.40 in electronic funds transfers ("EFTs") at intermediary banks in the Southern District of New York. After we overruled Winter Storm's holding that an EFT being processed at an intermediary bank was defendant's attachable property under Rule B, see Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F.3d 58, 72 (2d Cir. 2009); see also Hawknet, Ltd. v. Overseas Shipping Agencies, 590 F.3d 87, 91 (2d Cir. 2009) (applying Shipping Corp. of India rule retroactively to cases open on direct review), the district court vacated the attachment. Plaintiff now appeals from that decision, which we review for abuse of discretion. See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 439 (2d Cir. 2006). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In Shipping Corp. of India, we held that EFTs could not be attached under Rule B because they "are neither the property of the originator nor the beneficiary while briefly in the possession of an intermediary bank." 585 F.3d at 71. Citing, inter alia, Palestine Monetary Authority v. Strachman, 62 A.D.3d 213, 873 N.Y.S.2d 281 (1st Dep't 2009), plaintiff submits that once the garnishee banks restrained the EFTs, the funds could be validly "reattached" consistent with Shipping Corp. of India. This argument is now

3

foreclosed by <u>Scanscot Shipping Servs. GmbH v. Metales Tracomex Ltda.</u>, --- F.3d ----, 2010 WL 3169304 (2d Cir. Aug. 12, 2010), which holds that "when an intermediary bank responds to an order of attachment, later determined to be wrongful, by sequestering the wrongly attached funds in a non-EFT suspense account, a creditor may not then reattach those funds in the new account," <u>id.</u> at *3.

Because plaintiff did not argue before the district court either that the court lacked the authority to vacate the attachment <u>sua sponte</u> or that defendants had waived any objection to <u>quasi in rem</u> jurisdiction, we deem any such arguments waived. <u>See, e.g.</u>, <u>Turkmen v. Ashcroft</u>, 589 F.3d 542, 549 n.6 (2d Cir. 2009). Although we retain discretion to consider issues not raised in the district court when they are "solely legal ones not requiring additional factfinding," <u>Virgilio v. City of New York</u>, 407 F.3d 105, 116 (2d Cir. 2005) (internal quotation marks omitted), excusing plaintiff's failure here would be imprudent given the limited factual record on appeal. Further, because defendants never appeared in the district court, plaintiff's urged analogy to a defendant's waiver of his personal jurisdiction objection is inapt. <u>Cf.</u> Fed. R. Civ. P. 12(h)(1) (providing that personal jurisdiction defense is waived if not raised in timely motion or responsive pleading); <u>"R" Best Produce, Inc. v. DiSapio</u>, 540 F.3d 115, 123 (2d Cir. 2008) (noting that "an appearing party is deemed to waive lack of personal jurisdiction by not properly asserting it in a timely motion or pleading, but a non-appearing party with notice may suffer a default judgment and later seek relief under Rule 60(b)(4)").

4

In any event, "a district court <u>must</u> vacate an attachment if the plaintiff fails to sustain [its] burden of showing that [it] has satisfied the requirements of Rule[] B." <u>Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.</u>, 460 F.3d at 445 (emphasis added). While <u>Aqua Stoli</u> involved a hearing pursuant to Rule E(4)(f), vacatur is appropriate here for the same reason even though the court <u>sua sponte</u> issued an order to show cause why the restrained funds should not be released. Given the change in circuit law, <u>see generally</u> <u>Hawknet Ltd. v. Overseas Shipping Agencies</u>, 590 F.3d at 92, and the fact that plaintiff was afforded notice and an opportunity to be heard, the district court's <u>sua sponte</u> vacatur of the illegal attachment was well within its discretion, <u>see</u> <u>Scanscot Shipping Servs. GmbH v. Metales Tracomex Ltda.</u>, --- F.3d at ----, 2010 WL 3169304, at *1 (affirming vacatur of Rule B attachment where district court ordered plaintiff to show cause why attachment should not be vacated in light of <u>Shipping Corp. of India</u>); <u>Fitzgerald v. First E. Seventh St. Tenants Corp.</u>, 221 F.3d 362, 363-64 (2d Cir. 2000) (recognizing district court's authority to dismiss action <u>sua sponte</u>).

We have considered plaintiff's other arguments on appeal and conclude that they are without merit. Accordingly, we VACATE the stay previously granted by this court, and AFFIRM the district court's November 16, 2009 order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5