09-4564-cv
India S.S. Co. v. Kobil Petroleum Ltd.

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2009

(Argued: July 14, 2010        Decided: September 16, 2010)

Docket No. 09-4564-cv

- - - - - - - - - - - - - - - - - - - - -x

INDIA STEAMSHIP COMPANY LIMITED,

            Plaintiff-Appellant,

      - v.-

KOBIL PETROLEUM LIMITED,

            Defendants-Appellees.

- - - - - - - - - - - - - - - - - - - - -x

      Before:      JACOBS, Chief Judge, WESLEY and CHIN,
                   Circuit Judges.

      Plaintiff appeals from an October 20, 2009 order of the United States District Court for the Southern District of New York (Berman, J.), vacating a Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions B attachment in light of Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009). **AFFIRMED.**

                         JEREMY J.O. HARWOOD, of counsel,

Blank Rome LLP, New York, NY, for Plaintiff-Appellant.

FRANCIS H. McNAMARA, of counsel, Cardillo & Corbett, New York, NY, for Defendants-Appellees.

PER CURIAM:

In anticipation of arbitration, plaintiff India Steamship Company Limited ("ISC") attached $1,653,168 belonging to defendant Kobil Petroleum Limited ("Kobil"), pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule B"), as the funds passed briefly through New York en route from one foreign Kobil account to another. Kobil entered a general appearance, and the attached funds were transferred by consent order to the Southern District Clerk. Following this Court's decision in Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009), the United States District Court for the Southern District of New York (Berman, J.) ordered the funds released to Kobil. ISC appeals the release order. We affirm, holding that neither Kobil's general appearance nor its consent to the funds' transfer waived objection to the attachment.

2

ISC also argues that <u>Jaldhi</u> does not apply because the intercepted electronic funds transfers ("EFTs") passed between accounts held by the same party.  That argument is foreclosed by <u>Scanscot Shipping Servs. GmbH v. Metales Tracomex LTDA</u>, No. 09-5280-cv, 2010 WL 3169304, at *2 (2d Cir. Aug. 12, 2010) (per curiam).  <u>See</u> <u>Allied Maritime, Inc. v. Descatrade SA</u>, No. 09-5329-cv, 2010 WL 3447882, at *3 (2d Cir. Sept. 3, 2010).

**I**

In 2005, the motor tanker Ratna Shalini was damaged while in port in Mombasa.  The tanker had been leased by ISC, an Indian corporation, to Kobil, a Kenyan corporation; and ISC initiated arbitration in London to recover its losses, estimated at $1,653,168.

As security against an arbitration judgment, ISC obtained an order from the district court on February 8, 2008, attaching Kobil's property in the Southern District of New York pursuant to Rule B.  ISC thereafter attached $1,653,168 in the hands of New York intermediary banks while the funds were in transit between Kobil accounts pursuant to

an electronic funds transfer.[1]  Kobil entered a general appearance, and consented to the funds' transfer to an interest-bearing account in the Southern District's registry.

Following this Court's decision in Jaldhi, the district court on October 20, 2009 ordered the attached funds released.  This appeal timely followed.

## II

ISC argues that Kobil waived objection to the attachment [1] by entering a general appearance and, alternatively, [2] by consenting to the funds' transfer. Neither argument is persuasive.

Kobil concedes that its general appearance conferred on the district court jurisdiction that is general and in personam.  Kobil therefore waived objection to jurisdiction over its person, asserted broadly.  But the appearance did not waive Kobil's objection to the attachment order or render the order valid.  This is so even though attachment provided the basis for jurisdiction over Kobil at the

---

[1] For an explanation of electronic funds transfers, see generally Jaldhi, 585 F.3d at 60 n.1.

outset.  Jurisdiction over a person is conceptually distinct from jurisdiction over the person's property--though (as in the case of quasi in rem jurisdiction) the issues sometimes overlap.  To attach property, a court will have jurisdiction over the property in question and the remedial authority to order attachment, regardless of the court's jurisdiction in personam over the property owner.  See, e.g., United States v. First Nat'l City Bank, 321 F.2d 14, 18-19 (2d Cir. 1963) (observing that statutorily authorized tax lien can be enforced only against property within the jurisdiction of the court), aff'd per curiam on reh'g in banc, 325 F.2d 1020 (2d Cir. 1964), rev'd on other grounds, 379 U.S. 378 (1965); Restatement (Second) of Judgments § 8 & cmt.a ("[Attachment jurisdiction] is based on the fact that the property is within the territorial limits of the state in which the court is located.").  The validity of an attachment order therefore is not settled by a court's attainment of in personam jurisdiction over the property owner.  Consent to one does not imply or effect consent to the other.

Kobil consented to the funds' transfer to the Southern District registry so that the funds would accrue interest during the pendency of this action.  Its consent did not

purport to waive objection to the attachment, nor should it effect forfeiture of objection by operation of law. Cf. Cricket S.S. Co. v. Parry, 263 F. 523 (2d Cir. 1920) (holding that a defendant who "releas[es] his property from an illegal attachment [by posting a bond] does not waive a good objection to jurisdiction over his person, if it be reserved"). A party need not choose between challenging an attachment and protecting the value of the attached assets.

                    *          *          *

For the foregoing reasons, we affirm the district court's October 20, 2009 release order.