10-4066-cv
India Steamship v. Kobil

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————————

August Term, 2011

(Argued: October 24, 2011     Decided: December 13, 2011)

Docket No. 10-4066-cv
———————————————————————————————

INDIA STEAMSHIP COMPANY LIMITED,

*Plaintiff-Appellant*,

—v.—

KOBIL PETROLEUM LIMITED,

*Defendant-Appellee*.

———————————————————————————————

B e f o r e : WALKER, KATZMANN, WESLEY, *Circuit Judges*.

————————————

Appeal from an order of the United States District Court for the Southern District of New York (Berman, *J.*) vacating the attachment, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Rule B"), of a check issued by the district court clerk made payable to Defendant-Appellee. This appeal calls upon us to determine the validity of a Rule B attachment of a treasury check issued from the Southern District's Court Registry Investment System ("CRIS"), representing the proceeds of electronic funds transfers whose attachment was vacated under *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009). We hold that the jurisdictional defect that led to the vacatur under *Jaldhi* likewise precludes the attachment of the same funds in the CRIS. **AFFIRMED**.

JEREMY J.O. HARWOOD, Blank Rome LLP, New York, N.Y., *for Plaintiff-Appellant.*

FRANCIS H. MCNAMARA, Law Office of Francis McNamara, Staten Island, N.Y., *for Defendant-Appellee.*

———————————

PER CURIAM:

Plaintiff-Appellant India Steamship Company ("ISC") appeals from an order of the United States District Court for the Southern District of New York (Berman, *J.*), entered on October 1, 2010, vacating the attachment, pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Rule B"), of a check issued by the district court clerk made payable to Defendant-Appellee Kobil Petroleum Limited ("Kobil"). This appeal calls upon us to determine the validity of a Rule B attachment of a treasury check issued from the Southern District's Court Registry Investment System ("CRIS"), representing the proceeds of electronic funds transfers ("EFTs") whose attachment was vacated under *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009). In *Scanscot Shipping Services GmbH v. Metales Tracomex LTDA*, 617 F.3d 679 (2d Cir. 2010), we held that wrongfully attached EFTs do not become attachable when a bank places them in a suspense account. We now hold that *Jaldhi* and *Scanscot* likewise preclude attachment of the same funds in a CRIS account or immediately after being released from the CRIS in the form of a check. For the reasons stated herein, the order of the district court is **AFFIRMED**.

The facts of this case are undisputed. In 2005, the motor tanker Ratna Shalini was damaged while in port in Mombasa, Kenya. The tanker had been chartered by ISC, an Indian corporation, to Kobil, a Kenyan corporation. ISC initiated arbitration in London to recover its losses, which it estimated at $1,653,168. As security against an arbitration judgment, ISC obtained an order from the district court on February 8, 2008, attaching Kobil's property in the Southern District of New York pursuant to a process of maritime attachment and garnishment ("PMAG") under Rule B. *See India S.S. Co. v. Kobil Petroleum Ltd.*, 620 F.3d 160, 160 (2d Cir. 2010) (per curiam). By its terms, the order applied to twelve named garnishee banks and was "equally applicable with respect to the issuance and service of additional Writs of Maritime Attachment and Garnishment upon any garnishees in this district not named herein." J.A. 15. It further provided that "the supplemental process enforcing the Court's Order may be issued by the Clerk upon application without further Order of the Court." *Id.* at 16.

ISC thereafter attached $1,653,168 in the hands of Citibank while these funds briefly passed through New York pursuant to an EFT from one of Kobil's foreign accounts to another. On July 11, 2008, Kobil entered a general appearance and consented to the funds' deposit into an interest-bearing account in the CRIS pending further order of the court. On July 15, 2008, the district court issued an order "dismissing the . . . action without prejudice" pending the outcome of the London arbitration and directing the Clerk "to close this case." J.A. 24. Shortly thereafter, the funds were transferred from Citibank to the custody of the Clerk of the Southern District.

More than one year later, on October 16, 2009, this court overruled its prior decision permitting under Rule B the attachment of EFTs based upon their passage through an

intermediary bank. *Jaldhi*, 585 F.3d at 68-69, 71, *overruling Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263 (2d Cir. 2002). Three days later, Kobil's counsel requested that the district court reopen the case to allow Kobil to move for release of the funds under *Jaldhi*. On October 20, 2009, the district court endorsed Kobil's request and ordered: "In light of *Shipping Corp. v. Jaldhi*, the Clerk is respectfully requested to release all funds held under this docket in the SDNY CRIS account at [Kobil's] request." J.A. 28.

On October 26, 2009, ISC's counsel requested a stay of the release order, arguing that the "Court's order is automatically stayed under [Fed.] R. Civ. P. 62(a) for 10 days after the date of entry." *Id.* at 31-32. The district court denied ISC's request for a stay. ISC thereafter filed a notice of appeal from the district court's October 20, 2009 release order. On the afternoon of Friday, October 30, 2009, Kobil's counsel obtained from the Clerk a CRIS check payable to Kobil in the amount of $1,660,094.28, representing the amount of the attached funds plus interest.

Without prior application to the district court or notice to Kobil's counsel, ISC on October 30, 2009 obtained from the Clerk a supplemental writ of attachment (the "supplemental writ") naming Kobil's counsel as garnishee. Shortly after 5:00 p.m. on October 30, while Kobil's counsel was in possession of the check, ISC served the supplemental writ at Kobil's counsel's office.

On the following Monday, November 2, 2009, Kobil's counsel submitted to the district court a letter requesting that the case be reopened to permit Kobil to move for vacatur of the supplemental writ. The district court declined to address Kobil's request while ISC's appeal was pending.

-4-

Several months later, on September 16, 2010, this Court affirmed the district court's October 20, 2009 order vacating the attachment of the EFTs. *See India S.S. Co.*, 620 F.3d at 162. On October 1, 2010, the district court entered an "Administrative Order" vacating the attachment of the CRIS check on the independent grounds that (1) it was improper for ISC to obtain an attachment in a then-closed case, and (2) under *Jaldhi*, the attachment of the CRIS check was no more lawful than was the attachment of the EFTs. The court ordered that the Clerk "take all steps reasonably necessary to return the attached funds to Defendant, including, without limitation, issuing a new check in the amount of $1,660,094.28." J.A. 69. This appeal followed.

On appeal, ISC challenges the district court's conclusion that the supplemental writ attaching the CRIS check was subject to vacatur under *Jaldhi*. In that regard, ISC maintains, *inter alia*, that Kobil obtained the check in breach of ISC's right, under Federal Rule of Civil Procedure 62(a), to a stay of the district court's release order. ISC argues also that it was not improper for ISC to obtain the supplemental writ because this case was not in fact closed, but rather was dismissed without prejudice.

We review for abuse of discretion a district court's order vacating a maritime attachment. *Allied Maritime, Inc. v. Descatrade SA*, 620 F.3d 70, 74 (2d Cir. 2010). We review *de novo* the district court's conclusions of law. *Id.*

In *Jaldhi*, we held that an EFT in the temporary possession of an intermediary bank does not constitute property subject to attachment under Rule B. 585 F.3d at 71. We recently observed that "'after an EFT is initiated by an originator's bank, the funds at issue cease to be the property of the originator; the funds do not then become the property of the beneficiary until the EFT is completed by acceptance of a payment order by the beneficiary's bank.' In the

interim, these funds are not property subject to attachment of either the originator or the beneficiary." *Allied Maritime, Inc.*, 620 F.3d at 75 (quoting *Scanscot Shipping Servs. GmbH v. Metales Tracomex LTDA*, 617 F.3d 679, 682 (2d Cir. 2010) (per curiam)) (brackets and citation omitted). *Scanscot*, in turn, held that when EFTs are placed into a "suspense account solely as a result of an order of attachment relating to funds now determined to be beyond reach of the district court," "[t]he new suspense account neither cures the jurisdictional defect nor provides a basis for reattachment of the same funds."[1] *Scanscot Shipping Servs.*, 617 F.3d at 682; *accord Allied Maritime, Inc.*, 620 F.3d at 75.

Here, ISC does not contest that the EFTs were transferred from Citibank into the CRIS solely as a result of the order of attachment, which the district court subsequently vacated under *Jaldhi*. Nor is there any dispute that the check issued from the CRIS represented the proceeds of EFTs now deemed to be beyond the reach of the district court. ISC has identified no reason why the jurisdictional defect that rendered those EFTs unattachable under Rule B would not also render unattachable the same funds in the CRIS. *See Allied Maritime Inc.*, 620 F.3d at 75-76; *Scanscot Shipping Servs.*, 617 F.3d at 682; *see also Argus Dev. Inc. v. Steelcore Trading Ltd.*, No. 09-6009, 2009 WL 4016626, at *1 (S.D.N.Y. Nov. 16, 2009) ("No alchemy by the bank [can] transform[] EFTs that cannot be attached into property of the defendant that can be attached."). Accordingly, we hold that under *Jaldhi* and *Scanscot*, the attachment of the CRIS check was no more lawful than was the attachment of the EFTs.

ISC nevertheless argues that Kobil obtained the CRIS check from the Clerk in blatant

---

[1] "A 'suspense account' is an account into which funds associated with suspended EFTs are often placed pending further instructions to the bank." *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 211 n.5 (2d Cir. 2010).

breach of Rule 62(a), which provides in pertinent part that "[e]xcept as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry." Fed. R. Civ. P. 62(a). ISC maintains that "[h]ad Kobil adhered to Rule 62(a)(1), and as was normal practice, it could have obtained an order from the Lower Court directing the clerk to release the CRIS Funds without further attachment, subject to ISC's rights to stay." Pl. Reply Br. 1-2. Whether Rule 62(a) applied to stay the execution of the October 20, 2009 release order, however, has nothing to do with whether the CRIS check was properly subject to attachment. As noted, Kobil's agreement to transfer the disputed funds into the CRIS account "neither cures the jurisdictional defect" that resulted in the vacatur of the original order of attachment "nor provides a basis for reattachment of the same funds." *Scanscot*, 617 F.3d at 682.[2] Because ISC has made no showing that the funds in the CRIS account were attachable property, we affirm the district court's order vacating the attachment of the CRIS check.[3]

We have considered all of ISC's remaining arguments and find them to be without merit. For the reasons stated herein, the order of the district court is **AFFIRMED**.

---

[2] To the extent that ISC believed that Kobil's counsel's act of obtaining the check from the Clerk of the Southern District on October 30, 2009 violated the automatic stay set forth in Rule 62(a), the proper remedy was to seek relief from the district court in the first instance, not to obtain a supplemental writ of attachment. Indeed, by letter to the district court dated October 26, 2009, ISC requested a stay of the release order based upon, *inter alia*, Rule 62(a). The district court denied that relief on October 29, 2009. On November 2, 2009, ISC filed a motion with this court for an emergency stay of the release of the attached funds from the CRIS account. The following day, Judge Lynch denied that motion as moot because the attached funds had been released to Kobil's counsel and ISC had served on Kobil's counsel a supplemental writ of attachment. Judge Lynch's denial of the emergency stay motion in the previous appeal fully disposed of any claim of error by ISC relating to Rule 62(a), which in any event has no bearing on the issues raised in the instant appeal.

[3] We therefore do not reach the question whether the supplemental writ was invalid on the ground that it was obtained in a closed case.