10-4735-cv
Mediterranean Shipping v. Ningbo Toptrade

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**AMENDED SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND LOCAL RULE 32.1.1 . WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 5ᵗʰ day of March, two thousand twelve,

Present:      ROSEMARY S. POOLER,
              DEBRA ANN LIVINGSTON,
              RAYMOND J. LOHIER, JR.
                        *Circuit Judges.*

─────────────────────────────────────────────

MEDITERRANEAN SHIPPING COMPANY S.A.,

                        *Plaintiff-Appellee*,

              -v-                                          10-4735

NEWDEH LEE,

                        *Defendant*,

NINGBO TOPTRADE IMP. EXP. CO. LTD.,

                        *Defendant-Appellant*.

─────────────────────────────────────────────

Appearing for Appellee:      Keith Dalen, Hill Rivkins LLP, New York, N.Y.

Appearing for Appellant:      Peter Skoufalos, Brown Gavalas & Fromm LLP (Patrick O'Mea, *on the brief*), New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (Cedarbaum, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **VACATED** and **REMANDED.**

Ningbo Toptrade Imp. Ex. Co. Ltd. appeals from the September 29, 2010 judgment of the United States District Court for the Southern District of New York (Cedarbaum, *J.*) entering judgment without issuing a decision regarding the fate of funds attached pursuant to Rule B of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure ("Rule B"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Mediterranean Shipping Company S.A. ("MSC") alleges that on September 30, 2005, a "to order" bill of lading was issued by MSC at Durban, South Africa, evidencing a shipment of 18 containers of copper cathodes (the "Cargo") to Shanghai, China. It further alleges the Cargo was transported to Shanghai, arriving on October 23, 2005. Before the Cargo was unloaded from the ship, the defendants presented a document to the ship's Master purporting to be the bill of lading issued in Durban. MSC alleges the document was a fake. Based on the alleged fake bill of lading, MSC released the Cargo to defendants, who obtained customs clearance for the goods. When the rightful holder of the bill of lading sought to claim the goods, Shanghai Customs refused to release the Cargo.

In anticipation of securing a judgment from the English high court, MSC filed a complaint in the Southern District of New York against the defendants on May 3, 2006. The district court issued a Rule B order of attachment on May 23, 2007, authorizing attachment of Ningbo's property in an amount of up to $3,665,275.55. On July 11, 2007, the Bank of New York Mellon attached a wire transfer of $500,000 originated by Ningbo.

Ningbo moved to dismiss the complaint for lack of admiralty jurisdiction, a motion the district court denied without prejudice. On October 16, 2009, this Court issued its decision in *Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd.*, 585 F.3d 58 (2d Cir. 2009), holding that electronic fund transfers being processed by an intermediary bank in New York were not subject to Rule B attachment. On November 4, 2009, the district court entered an Order to Show Cause directing the parties to demonstrate why the attachment order should not be vacated.

MSC alleges the district court held a hearing on the order to show cause and ruled that it would not release the attached funds. To support its claim, MSC relies on a docket entry stating "Minute Entry for proceedings held before Judge Miriam Goldman Cedarbaum: Status Conference held on 5/14/2010." No transcripts of the proceedings on May 14, 2010 are in the record before us, and there is no docket entry settling the order to show cause. Ningbo's counsel alleges the district court never ruled on the order to show cause.

MSC eventually moved pursuant to N.Y. C.P.L.R. Article 53 for an order to recognize and enforce a judgment it obtained from the English High Court of Justice. The district court granted the motion and entered judgment recognizing the English court judgment on September 29, 2010. Ningbo moved for reconsideration, arguing the court had never ruled on the November 4, 2009 order to show cause. The district court denied the motion on the ground that it did not raise any new arguments. MSC obtained a turnover order from the New York State

2

Supreme Court to execute on the judgment, but the bank interpleaded the funds into the district court registry before the order was served.

On appeal, Ningbo argues it was error for the district court not to release the attached funds following this Court's decision in *Jaldhi*. MSC argues that vacatur is required under *Jaldhi* only where "the plaintiff obtained a final judgment but has not executed it against the attached funds that are being retained by banks in suspense accounts pursuant to Rule B attachments," *Eitzen Bulk A/S v. Ashapura Minechem, Ltd.,* 632 F.3d 53 (2d Cir. 2011). Here, MSC served a writ of execution on Bank of New York Mellon, and thus, MSC argues, the attachment is no longer subject to vacatur under *Jaldhi*. Ningbo disputes this, and in the alternative argues for vacatur on the ground that the district court lacked admiralty jurisdiction.

Although we find no fault in that portion of the district court's judgment recognizing and enforcing the judgment of the English High Court of Justice, we remand to the district court for consideration of two issues. First, does admiralty jurisdiction exist? Second, the district court is to determine the fate of the attached funds in light of our post-*Jaldhi* jurisprudence, including *Scanscot Shipping Servs. GmbH v. Metales Tracomex Ltda.*, 617 F.3d 679, 682-83 (2d Cir. 2010); *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 214 (2d Cir. 2010);*Hawknet, Ltd. v. Overseas Shipping Agencies*, 590 F.3d 87 (2d Cir. 2009) and *India S.S. Co. Ltd. v. Kobil Petroleum Ltd.*, 620 F.3d 160 (2d Cir. 2010). We further direct the district court to consider the effect, if any, of MSC's attempt to execute against the judgment.

Accordingly, the judgment of the district court hereby is VACATED, and this case REMANDED for further proceedings in accordance with this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3